UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X   Civil Action No.:_____

MAMADOUSALIOU BAH,

                Plaintiff,

    -against-                                      **NOTICE OF REMOVAL**

JERMAINE POTTINGER, UNITED PARCEL
SERVICE, INC., and UPS,                         Removed from:

               Defendants.            Supreme Court, Bronx County
-----------------------------------------------------------------X    Index No.: 808941/2024E

**PLEASE TAKE NOTICE** that the defendants, **UNITED PARCEL SERVICE, INC., and JERMAINE POTTINGER** (together "Removing Parties"), by the undersigned attorneys, submit this Notice of Removal, pursuant to **28 U.S.C. §1441 and 1446**, and state as follows:

1. On June 4, 2024, the above-captioned action was commenced against the Removing Parties in the Supreme Court of the State of New York, County of Bronx under Index No.: 808941/2024E. A full and complete copy of the plaintiff's Summons and Complaint is annexed hereto as *Exhibit "A"*.

2. The United States District Court for the Southern District of New York is the proper venue as this Court constitutes the "district court of the United States for the district and division embracing the place" where this state action is currently pending. 28 U.S.C. § 1441(a).

3. The grounds for removal of this action are diversity of citizenship pursuant to **28 U.S.C.A. § 1332**. Removal of this action is, therefore, proper under section 1441 of Title 28 of the United States Code because this is a civil action brought in state court over which the federal

district courts would have had original jurisdiction had the action been commenced in federal court.

4. On July 18, 2024, defendants, **UNITED PARCEL SERVICE, INC., and JERMAINE POTTINGER,** served their Answer with Initial Discovery Demands. A full and complete copy of the defendants' Answer with Initial Discovery Demands is annexed hereto as ***Exhibit "B"***.

5. If the cause of action stated in the initial pleading is not removable, but becomes removable as a consequent of an amendment, § 1446(b) directs the defendant to file the notice of removal within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or "other papers" from which it may first be ascertained that the case is one which is or has become removable.

6. Following receipt of plaintiff's Summons and Verified Complaint it was evident that diversity of the parties existed, however, it was unclear whether the instant action exceeded the amount in controversy required for this Court to exercise jurisdiction over the matter. To ascertain whether the damages sought exceed the jurisdictional minimum, a Demand for a Statement of Damages was served on plaintiff as part of defendants' Answer. A full and complete copy of the defendants' Demand for Statement of Damages is annexed hereto as ***Exhibit "C"***.

7. On August 26, 2024, the Removing Parties received plaintiff's Bill of Particulars and Response to Combined Demands, dated August 22, 2024, via regular mail. Prior to receipt of plaintiff's Response to Combined Demands, it could not be ascertained by the defendant whether this case is one which is removable. Plaintiff's Response to Demand for Statement of Damages, contained within his Response to Combined Demands, seeks damages in the amount of $5,000,000.00 (FIVE MILLION DOLLARS), exclusive of interest and costs. The amount in

controversy exceeds the *jurisdictional minimum* of this Court. However, as previously stated, removability could not be ascertained prior to such disclosure. *See* Persad v. Global Companies LLC, 2013 WL 4507076, at *4 (E.D. N.Y. 2013) (**30-day period began to run after Bill of Particulars, containing amount of damages sought, was served on defendant**). By statute, in diversity suits in which the case is not removable initially solely because the jurisdictional minimum is not met, "other paper[s]" including "information relating to the amount in controversy in the record of the State proceeding," or discovery responses, shall be treated as "other paper". **28 U.S.C.A. § 1446 (c)(3)(A).**

8.  This Notice for Removal is timely under section 1446(b)(1) of Title 28 of the United States Code because the Response to Combined Demands was served on August 22, 2024. This Notice of Removal is filed within 30 days of receipt of the Response to Demand for Statement of Damages and is, therefore, timely filed under 28 U.S.C.A § 1446(b)(1). Copies of the Bill of Particulars and Response to Combined Demands, as well as all other state-court papers served on the Removing Parties at the time of removal are attached as *Exhibit "D"* and constitute all process, pleadings and orders served upon the Removing Parties in this action.

9.  At the time plaintiff commenced the instant action in State court, and at the time of removal, the Removing Party, **JERMAINE POTTINGER**, was and is a citizen of the State of Pennsylvania, residing at 6475 Matthews Street, Philadelphia, Pennsylvania 19119.

10. At the time plaintiff commenced this action in State court and at the time of removal, the Removing Party, **UNITED PARCEL SERVICE, INC.**, was and is a State of Ohio Corporation, with its principal place of business at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.

11. Upon information and belief that plaintiff, **MAMADOUSALIOU BAH**, was and is a citizen and resident of the State of New York, residing at 2732 Marion Avenue, #8D, Bronx, New York 10458.

12. Based on the foregoing, complete diversity of citizenship exists as between plaintiff and defendants.

13. Written notice of filing of this Notice of Removal will be given to plaintiff, and a copy will be filed in the appropriate State court, as required by 28 U.S.C.A. § 1446(d).

14. In filing this Notice of Removal, the Removing Parties do not waive any defense that may be available to them.

WHEREFORE, it is respectfully requested that this Court grant removal pursuant to **28 U.S.C.A §1441 and 1446**, and for such other and further relief as this Court deems just and proper.

Dated: Smithtown, New York
September 3, 2024

Yours, etc.,

KRITZER LAW GROUP

By: _____
David S. Kritzer, Esq. (DK6925)
*Attorneys for Defendants*
**UNITED PARCEL SERVICE, INC. and JERMAINE POTTINGER**
180 East Main Street, Suite 204
Smithtown, New York 11787
(631) 979-4777

TO: SHALOM LAW PLLC
Attorneys for Plaintiff
105-13 Metropolitan Avenue
Forest Hills, New York 11375
(718) 971-9474

## ATTORNEY'S VERIFICATION

The undersigned, DAVID S. KRITZER, an attorney admitted to practice in the Courts of the State of New York, shows:

That deponent is a member in the KRITZER LAW GROUP, the attorney of record for the defendant(s) in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters alleged on information and belief, and that as to those matters deponent believes it to be true.

Deponent further says that the reason this verification is made by the deponent and not by said defendant(s) is that said defendant(s) do not reside within the county wherein your deponent has his office.

The grounds of deponent's belief as to all matters stated upon deponent's knowledge are as follows: Investigations made on behalf of said defendant(s).

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: Smithtown, New York
September 3, 2024

_____
DAVID S. KRITZER