# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
MAMADOUSALIOU BAH,

                      Plaintiff,

   -against-

JERMAINE POTTINGER, UNITED PARCEL
SERVICE, INC., and UPS,

                      Defendants.
----------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Bronx County as a place of trial.

The basis of venue is Situs of Accident:

Intersection of 95I N/B Bruckner Expressway and Middletown Rd., County of Bronx, State of New York

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Forest Hills, New York
        June 4, 2024

                                          SHALOM LAW, PLLC
                                          *Attorneys for Plaintiff*

                                          JONATHAN SHALOM, ESQ.
                                          105-13 Metropolitan Avenue
                                          Forest Hills, New York 11375
                                          (718) 971-9474

**Defendant's Address:**

JERMAINE POTTINGER
Via VTL 253
6475 Matthews Street
Philadelphia, PA 19119

UNITED PARCEL SERVICE, INC
Via Secretary of State.
3147 169th Place
Hammond, IN 46323

UNITED PARCEL SERVICE, INC.
Via Secretary of State
55 Glenlake Parkway, NE
Atlanta, GA 30328

UPS
Via Secretary of State
55 Glenlake Parkway NE
Atlanta, GA 30328

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X   Index No.:
MAMADOUSALIOU BAH,

                Plaintiff,                                **VERIFIED COMPLAINT**

    -against-

JERMAINE POTTINGER, UNITED PARCEL
SERVICE, INC., and UPS,

                Defendants.
-------------------------------------------------------------------X

Plaintiff by his attorneys, SHALOM LAW, PLLC, complaining of the defendant herein, respectfully shows to this court and alleges as follows:

1. That at all the times hereinafter alleged, and upon information and belief, Plaintiff, MAMADOUSALIOU BAH, was and still is a resident of the County of Bronx, State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, Defendant, JERMAINE POTTINGER, was and still is a resident of the County of Philadelphia, State of Pennsylvania.

3. Upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., was and still is a corporation incorporated under the laws of the State of Georgia.

4. Upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., was and still is a corporation incorporated under the laws of the State of Indiana.

5. On or about April 26, 2024, Defendant, UNITED PARCEL SERVICE, INC., was and still is a limited Liability Company incorporated under the laws of the State of New York

6. On or about April 26, 2024, Defendant, UNITED PARCEL SERVICE, INC., was, and still is a domestic corporation duly existing under and by the virtue of the laws of the State of New York.

7. On or about April 26, 2024, Defendant, UNITED PARCEL SERVICE, INC., was a domestic corporation authorized to do business and/or doing business in the State of New York.

8. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., conducted and carried on business in the State of New York.

9. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., transacted business within the State of New York.

10. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., expected or should have reasonably expected its acts to have consequences in the State of New York.

12. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., maintained a principal place of business in the City and State of New York.

13. On or about April 26, 2024, Defendant, UPS, was and still is a corporation incorporated under the laws of the State of Georgia.

14. On or about April 26, 2024, Defendant, UPS, was and still is a limited Liability Company incorporated under the laws of the State of New York

15. On or about April 26, 2024, Defendant, UPS, was, and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

16. On or about April 26, 2024, Defendant, UPS, was a domestic corporation authorized to do business and/or doing business in the State of New York.

17. On or about April 26, 2024, and upon information and belief, Defendant, UPS, conducted and carried on business in the State of New York.

18. On or about April 26, 2024, and upon information and belief, Defendant, UPS, transacted business within the State of New York.

19. On or about April 26, 2024, and upon information and belief, Defendant, UPS, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

20. On or about April 26, 2024, and upon information and belief, Defendant, UPS, expected or should have reasonably expected its acts to have consequences in the State of New York.

21. On or about April 26, 2024, and upon information and belief, the Defendant, UPS, maintained a principal place of business in the City and State of New York

22. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., repaired a box truck motor vehicle bearing State of Indiana license plate number 2939558.

23. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., controlled a box truck motor vehicle bearing State of Indiana license plate number 2939558.

24. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., managed a box truck motor vehicle bearing State of Indiana license plate number 2939558.

25. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., operated a box truck motor vehicle bearing State of Indiana license plate number 2939558.

26. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., owned a box truck motor vehicle bearing State of Indiana license plate number 2939558.

27. On or about April 26, 2024, and upon information and belief, Defendant, UNITED PARCEL SERVICE, INC., inspected a box truck motor vehicle bearing State of Indiana license plate number 2939558.

28. On or about April 26, 2024, Defendant UNITED PARCEL SERVICE, INC., was the lessor of a box truck motor vehicle bearing State of Indiana license plate number 2939558.

29. On or about April 26, 2024, Defendant UNITED PARCEL SERVICE, INC., was the lessee of a box truck motor vehicle bearing State of Indiana license plate number 2939558.

30. On or about April 26, 2024, Defendant UNITED PARCEL SERVICE, INC., leased a box truck motor vehicle bearing State of Indiana license plate number 2939558 to Defendant JERMAINE POTTINGER.

31. On or about April 26, 2024, Defendant UNITED PARCEL SERVICE, INC. rented a box truck motor vehicle bearing State of Indiana license plate number 2939558 to Defendant JERMAINE POTTINGER.

32. On or about April 26, 2024, and upon information and belief, Defendant, UPS, maintained a box truck motor vehicle bearing State of Indiana license plate number 2939558.

33. On or about April 26, 2024, and upon information and belief, Defendant, UPS, repaired a box truck motor vehicle bearing State of Indiana license plate number 2939558.

34. On or about April 26, 2024, and upon information and belief, Defendant, UPS, controlled a box truck motor vehicle bearing State of Indiana license plate number 2939558.

35. On or about April 26, 2024, and upon information and belief, Defendant, UPS, managed a box truck motor vehicle bearing State of Indiana license plate number 2939558.

36. On or about April 26, 2024, and upon information and belief, Defendant, UPS, operated a box truck motor vehicle bearing State of Indiana license plate number 2939558.

37. On or about April 26, 2024, and upon information and belief, Defendant, UPS, owned a box truck motor vehicle bearing State of Indiana license plate number 2939558.

38. On or about April 26, 2024, and upon information and belief, Defendant, UPS, inspected a box truck motor vehicle bearing State of Indiana license plate number 2939558.

39. On or about April 26, 2024, Defendant UPS, was the lessor of a box truck motor vehicle bearing State of Indiana license plate number 2939558.

40. On or about April 26, 2024, Defendant UPS, was the lessee of a box truck motor vehicle bearing State of Indiana license plate number 2939558.

41. On or about April 26, 2024, Defendant UPS, leased a box truck motor vehicle bearing State of Indiana license plate number 2939558 to Defendant JERMAINE POTTINGER.

42. On or about April 26, 2024, Defendant UPS rented a box truck motor vehicle bearing State of Indiana license plate number 2939558 to Defendant JERMAINE POTTINGER.

43. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, maintained a box truck motor vehicle bearing State of Indiana license plate number 2939558.

44. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, repaired a box truck motor vehicle bearing State of Indiana license plate number 2939558.

45. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, controlled a box truck motor vehicle bearing State of Indiana license plate number 2939558.

46. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, managed a box truck motor vehicle bearing State of Indiana license plate number 2939558.

47. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, operated a box truck motor vehicle bearing State of Indiana license plate number 2939558.

48. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, owned a box truck motor vehicle bearing State of Indiana license plate number 2939558.

49. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, inspected a box truck motor vehicle bearing State of Indiana license plate number 2939558.

50. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER operated the aforesaid motor vehicle with the permission of its owner, either express or implied, Defendant, UNITED PARCEL SERVICE, INC.

51. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER operated the aforesaid motor vehicle with the knowledge of its owner, either express or implied, Defendant, UNITED PARCEL SERVICE, INC.

52. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER operated the aforesaid motor vehicle with the consent of its owner, either express or implied, Defendant, UNITED PARCEL SERVICE, INC.

53. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, was operating the aforesaid motor vehicle within the scope of his employment for Defendant, UNITED PARCEL SERVICE, INC.

54. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, operated the aforesaid motor vehicle with the permission of its owner, either express or implied, Defendant UPS.

55. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, operated the aforesaid motor vehicle with the knowledge of its owner, either express or implied, Defendant, UPS.

56. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER operated the aforesaid motor vehicle with the consent of its owner, either express or implied, Defendant, UPS.

57. On or about April 26, 2024, and upon information and belief, Defendant, JERMAINE POTTINGER, was operating the aforesaid motor vehicle within the scope of his employment for Defendant, UPS.

58. On or about April 26, 2024, the Defendant, JERMAINE POTTINGER, entered into a lease and/or rental agreement with the Defendant, UNITED PARCEL SERVICE, INC., for a box truck motor vehicle bearing State of Indiana license plate number 2939558.

59. On or about April 26, 2024, Defendant, JERMAINE POTTINGER, entered into a lease and/or rental agreement with Defendant, UPS, for a box truck motor vehicle bearing State of Indiana license plate number 2939558.

60. On or about April 26, 2024, at or near the intersection of Intersection of 95I N/B Bruckner Expressway and Middletown Rd., County of Bronx, State of New York were and still are public roadways and highways used extensively by the public in general.

61. On or about April 26, 2024, Plaintiff, MAMADOUSALIOU BAH, was the operator of a motor vehicle bearing State of Delaware license plate 488145.

62. That hereinafter "PLAINTIFF" may refer to MAMADOUSALIOU BAH.

63. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle maintained by JERMAINE POTTINGER, came in contact with the vehicle containing PLAINTIFF.

64. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle repaired by JERMAINE POTTINGER, came in contact with the vehicle containing PLAINTIFF.

65. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle controlled by JERMAINE POTTINGER, came in contact with the vehicle containing PLAINTIFF.

66. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle managed by JERMAINE POTTINGER, came in contact with the vehicle containing PLAINTIFF.

67. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle operated by JERMAINE POTTINGER, came in contact with the vehicle containing PLAINTIFF.

68. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle owned by JERMAINE POTTINGER, came in contact with the vehicle containing PLAINTIFF.

69. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle inspected by JERMAINE POTTINGER, came in contact with the vehicle containing PLAINTIFF.

70. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle maintained by UNITED PARCEL SERVICE, INC., came in contact with the vehicle containing PLAINTIFF.

71. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle repaired by UNITED PARCEL SERVICE, INC., came in contact with the vehicle containing PLAINTIFF.

72. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle controlled by UNITED PARCEL SERVICE, INC., came in contact with the vehicle containing PLAINTIFF.

73. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle managed by UNITED PARCEL SERVICE, INC., came in contact with the vehicle containing PLAINTIFF.

74. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle operated by UNITED PARCEL SERVICE, INC., came in contact with the vehicle containing PLAINTIFF.

75. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle owned by UNITED PARCEL SERVICE, INC., came in contact with the vehicle containing PLAINTIFF.

76. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle inspected by UNITED PARCEL SERVICE, INC., came in contact with the vehicle containing PLAINTIFF.

77. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle maintained by UPS, came in contact with the vehicle containing PLAINTIFF.

78. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle repaired by UPS, came in contact with the vehicle containing PLAINTIFF.

79. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle controlled by UPS, came in contact with the vehicle containing PLAINTIFF.

80. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle managed by UPS, came in contact with the vehicle containing PLAINTIFF.

81. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle operated by UPS, came in contact with the vehicle containing PLAINTIFF.

82. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle owned by UPS, came in contact with the vehicle containing PLAINTIFF.

83. On or about April 26, 2024, at the aforesaid location, the aforesaid motor vehicle inspected by UPS, came in contact with the vehicle containing PLAINTIFF.

84. That the above noted contact was caused by the negligence of Defendants, JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC., and UPS, in violation of the applicable traffic laws of the City and State of New York.

85. That Defendants JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC., and UPS., violated the Vehicle and Traffic Law(s) of both the City and State of New York thus causing the aforementioned accident.

86. That the above-noted contact was caused by the negligence of Defendants, JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC., and UPS, in violation of the applicable traffic laws of the City and State of New York.

87. That Defendants, JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC., and UPS, violated the Vehicle and Traffic Law(s) of both the City and State of New York thus causing the aforementioned accident.

88. That the aforesaid collision and injuries resulting therefrom were a result of the careless and negligent manner in which Defendants, JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC., and UPS, owned, operated, maintained, repaired and controlled their motor vehicle without the Plaintiff in any way contributing thereto.

89. That the aforesaid collision and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which Defendants, JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC., and UPS, owned, operated, maintained, repaired and controlled the motor vehicle without this Plaintiff in any way contributing thereto.

90. That hereinafter JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC., and UPS, and/or by their agents, servants, and/or employees, may be referred to as "DEFENDANT".

91. That the aforesaid collision and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which DEFENDANTS owned, operated,

maintained, repaired and controlled their motor vehicle without the PLAINTIFF in any way contributing thereto.

92. The Plaintiff, JERMAINE POTTINGER, was severely injured, bruised, and wounded, suffered, still suffers, and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame, and disabled and so remained for a considerable length of time and will remain so into the future.

93. That by reason of the foregoing, the Plaintiff, JERMAINE POTTINGER, was compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable for medicines and upon information and belief, the Plaintiff, JERMAINE POTTINGER, will necessarily incur similar expenses.

94. That by reason of the wrongful, negligent, and unlawful actions of the DEFENDANT, as aforesaid, the Plaintiff, JERMAINE POTTINGER, sustained serious injuries as defined in Section §5102(d) of the Insurance Law of The State of New York, and has sustained economic loss greater than basic economic loss as defined in Section §5102 of the said Insurance Law.

95. That, as a result of the DEFENDANTS' negligence, Plaintiff JERMAINE POTTINGER, was caused to suffer severe and serious personal injuries, incurred expenses for medical care and treatment and was unable to attend to her usual duties.

96. By reason of the foregoing, Plaintiff, JERMAINE POTTINGER, has been damaged in an amount in excess of all lower courts which would otherwise have jurisdiction over this matter.

WHEREFORE, the PLAINTIFF demands judgment against the DEFENDANT and/or their agents, servants, and/or employees in a sum in excess of the jurisdictional limits of all lower

courts existing in the City and State of New York, together with the interest, costs and

disbursements of this action.

Dated: Forest Hills, New York
       June 4, 2023

                                                        SHALOM LAW, PLLC
                                                       *Attorneys for Plaintiff*

                                                       JONATHAN SHALOM, ESQ.
                                                       105-13 Metropolitan Avenue
                                                       Forest Hills, New York 11375
                                                       (718) 971-9474

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF QUEENS     )

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, state under penalty of perjury:

I am the associated with SHALOM LAW, PLLC, attorneys for the Plaintiff in the within action. I have read the foregoing SUMMONS & VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices. The grounds of my belief as to all maters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: Forest Hills, New York
      June 4, 2024

*[signature]*

JONATHAN SHALOM, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X   Index No.:
MAMADOUSALIOU BAH,

                          Plaintiff,

      -against-

JERMAINE POTTINGER, UNITED PARCEL SERVICE,
INC., and UPS,
-------------------------------------------------------------------X

**SUMMONS & VERIFIED COMPLAINT**

SHALOM LAW, PLLC
*Attorneys for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375

The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that he/she has read the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-1.1(c).

JONATHAN SHALOM, ESQ.

Service of a copy of the within                                        is hereby admitted.
Dated,              Attorney(s) for Plaintiff

PLEASE TAKE NOTICE:

    ☐ NOTICE OF ENTRY
    that the within is a (certified) true copy of an                 duly entered in the
    office of the clerk of the within named court on _____ 200__.

    ☐ NOTICE OF SETTLEMENT
    that an order                     of which the within is a true copy
    will be presented for settlement to the HON.              one of the   judges
    of the                              within named Court, on
        200___ at_____ O'clock ___.M.

Dated: June ___,2024                                       Yours, etc.

                                                    **SHALOM LAW, PLLC**