Exhibit "

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------- X
MAMADOUSALIOU BAH,

                Plaintiff(s),                 Index No.:808941/2024E

-against-                              **NOTICE OF APPEARANCE,
ANSWER AND COMBINED**
JERMAINE POTTINGER, UNITED PARCEL     **DEMANDS**
SERVICE, INC. and UPS,

                Defendant(s).

-------------------------------------------------------------------- X

Defendants, **JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC. and UPS,** hereby appear in this action and that the KRITZER LAW GROUP has been retained as attorneys for said defendants and demands that you serve all papers in this proceeding upon them at the address stated below:

**PLEASE TAKE FURTHER NOTICE** that the said defendants hereby interpose the following answer to the complaint:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

1. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs designated "1", "32", "33", "45", "46", "49", "61", "62" and "90" of the Complaint herein.

2. Defendants deny each and every allegation contained in paragraphs designated "3", "4", "5", "6", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "27", "28", "29", "30", "31", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", 44", "48", "54", "55", "56", "57", "58", "59", "68", "77", "78", "79", "80", "81", "82", "83", "92", "93", "94", "95", and "96" of the Complaint herein.

3. Defendants deny each and every allegation contained in paragraph designated "7", of the Complaint herein, except admit that on or about April 26, 2024, Defendant, **UNITED PARCEL SERVICE, INC.,** was a foreign corporation authorized to do business in the State of New York.

4. Defendants deny each and every allegation contained in paragraph designated "8", of the Complaint herein, except admit that on or about April 26, 2024, Defendant, **UNITED PARCEL SERVICE, INC.,** transacted business in the State of New York.

5. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs designated "10", "11" and "60" of the Complaint herein, respectfully leaving all questions of law and fact to the triers thereof.

6. Defendants deny each and every allegation contained in paragraph designated "26", of the Complaint herein, except admit that on or about April 26, 2024, and upon information and belief, Defendant, **UNITED PARCEL SERVICE, INC.,** owned a motor vehicle bearing State of Indiana license plate number 2939558.

7. Defendants deny each and every allegation contained in paragraph designated "47", of the Complaint herein, except admit that on or about April 26, 2024, and upon information and belief, Defendant, **JERMAINE POTTINGER,** operated a motor vehicle bearing State of Indiana license plate number 2939558.

8. Defendants deny each and every allegation contained in paragraph designated "50", of the Complaint herein, except admit that on or about April 26, 2024, Defendant **JERMAINE POTTINGER,** operated a motor vehicle bearing Indiana license plate number 2939558 with the permission of its owner, Defendant, **UNITED PARCEL SERVICE, INC.**

9. Defendants deny each and every allegation contained in paragraph designated "51", of the Complaint herein, except admit that on or about April 26, 2024, Defendant **JERMAINE POTTINGER,** operated a motor vehicle bearing Indiana license plate number 2939558 with the knowledge of its owner, Defendant, **UNITED PARCEL SERVICE, INC.**

10. Defendants deny each and every allegation contained in paragraph designated "52", of the Complaint herein, except admit that on or about April 26, 2024, Defendant **JERMAINE POTTINGER,** operated a motor vehicle bearing Indiana license plate number 2939558 with the consent of its owner, Defendant, **UNITED PARCEL SERVICE, INC.**

11. Defendants deny each and every allegation contained in paragraph designated "53", of the Complaint herein, except admit that on or about April 26, 2024, Defendant **JERMAINE POTTINGER,** operated a motor vehicle bearing Indiana license plate number 2939558 within the scope of his employment for Defendant, **UNITED PARCEL SERVICE, INC.**

12. Defendants deny upon information and belief, each and every allegation contained in paragraphs designated "63", "64", "65", "66", "67", "69", "70", "71", "72", "73", "74", "75" and "76" of the Complaint herein.

13. Defendants deny each and every allegation contained in the paragraphs designated "84", "85", "86", "87", "88", "89" and "91" of the Complaint herein, respectfully leaving all questions of law and fact to the triers thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

14. That whatever injuries and damages were allegedly sustained by the plaintiff were caused, in whole or in part, by the negligence of the plaintiff contributing thereto.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

15.  Plaintiff did assume the risk of any and all injuries/damages he/she alleges to have occurred.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

16.  Upon information and belief, any past or future cost or expenses incurred, or to be incurred, by the plaintiff(s) for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been, or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545c of the Civil Practice Laws and Rules and, therefore, any judgment awarded to the plaintiff(s) in this action shall be reduced by the amount of any past or future cost or expense which has or will be replaced or indemnified in whole or in part from said collateral source.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

17.  Plaintiff's alleged injuries are not causally related to the automobile accident referred to herein.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

18.  That plaintiff's injuries were caused in whole or in part, by the failure to exercise reasonable care to avoid injury and mitigate damages and to properly use, or failed to use seatbelts, harnesses and related safety restraining devices.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

19.  The plaintiff did not sustain serious injuries as defined by Section 5102 of the Insurance Law of the State of New York and plaintiff's exclusive remedy, therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York. The plaintiff's sole and exclusive remedy is confined and limited to the benefits and

provisions of Article 5, of the Insurance Law. The plaintiff's cause of the action is barred by Article 51, Section 5104, of the Insurance Law of the State of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

20. At the time of the alleged accident defendants, **JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC. and UPS**, were confronted with a sudden and unexpected emergency situation, which could not have been reasonably anticipated, and was not caused, created, or contributed to by this defendant, without any opportunity to consider alternative courses of action. This defendant acted as a reasonably prudent person would have under the same or similar circumstances, and therefore cannot be found negligent or responsible as more fully alleged in plaintiff's complaint, bill of particulars, and any and all cross-claims asserted against this defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21. Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages or disabilities alleged in the complaint.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

22. The Court lacks jurisdiction over the person of the answering defendant as plaintiffs have failed to properly serve defendant with the Summons in this matter.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

23. If, and in the event that, this answering defendant is found to be liable to the plaintiff, the answering defendant's liability is limited by the provisions of Article 16 of the CPLR.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

24. Plaintiff's complaint fails to sufficiently state a cause of action upon which the requested relief can be granted.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

25. That in the event plaintiff has or should in the future, settle any portion of the claims arising from the allegations contained in plaintiff's Complaint with any currently named or still to be named defendant(s), the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the General Obligations Law.

WHEREFORE, defendants, **JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC. and UPS,** demand judgment dismissing the Complaint as to the answering defendants, together with costs and disbursements of this action.

Dated: Smithtown, New York
July 16, 2024

Yours, etc.,

KRITZER LAW GROUP

By: /s/ David S. Kritzer
DAVID S. KRITZER, ESQ.
Attorneys for Defendants
180 East Main Street, Suite 204
Smithtown, New York 11787
(631) 979-4777
Our File No.: UPS24-40512

TO: SHALOM LAW PLLC
Attorneys for Plaintiff
105-13 Metropolitan Avenue
Forest Hills, New York 11375
(718) 971-9474