Exhibit )

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X

MAMADOUSALIOU BAH,

Index No.: 808941/2024E

Plaintiff,

**VERIFIED BILL OF**
**PARTICULARS**

-against-

JERMAINE POTTINGER, UNITED PARCEL
SERVICE, INC. and UPS,

Defendants.

-----------------------------------------------------------------x

Plaintiff, by his attorneys, SHALOM LAW, PLLC as and for Verified Bill of Particulars, pursuant
to Defendants, **JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC. AND UPS**,
and CPLR 3043, Bill of Particular in Personal Injury Action alleges, upon information and belief,
as follows:

**PLEASE TAKE NOTICE, per Section 202.5 (e) of the Uniform Rules of the Supreme and**
**County Courts (22 NYCRR 202.5(e) you are mandatorily required to omit or redact certain**
**confidential personal information contained herein from court filings in Supreme and**
**County Court.**

1. The full name of the Plaintiff is **MAMADOUSALIOU BAH**.

2. Plaintiff resides at 2732 Marion Avenue, #8D, Bronx, NY 10458. Plaintiff resided at the
   aforementioned residence at the time of the subject incident.

3. See response to item #2 above..

4. Plaintiffs date of birth is xx/xx/xxxx.

5. Plaintiff objects to the demand for his Social Security number.

6. The subject incident occurred on April 26, 2024, at approximately 12:45 AM.

7. Plaintiff objects to this demand as it is improper for a Verified Bill of Particulars as per CPLR
   3043(a).

8. The subject incident occurred on or about the intersection of 951 N/B Bruckner Expressway
   and Middletown Road, County of Bronx, State of New York.

9. See response to #8.

10. Plaintiff objects to this demand as it is improper for a Verified Bill of Particulars as per

CPLR 3043(a).

**11.**    Plaintiff objects to this demand as it is improper for a Verified Bill of Particulars as per CPLR 3043(a).

**12.**    Plaintiff objects to this demand as it is improper for a Verified Bill of Particulars as per CPLR 3043(a).

**13.**    Plaintiff objects to this demand as it is improper for a Verified Bill of Particulars as per CPLR 3043(a).

**14.**    The acts and/or omissions of the Defendants **JERMAINE POTTINGER, UNITED PARCEL SERVICE, INC. AND UPS**, and/or by their agents, servants, and/or employees, consisting of causing, permitting and/or allowing Defendants' motor vehicle to violently strike and rearend Plaintiff and in further causing Defendants' vehicle to be operated in a negligent, reckless, careless and grossly negligent manner by the Defendant, its agents, servants and employees herein; in failing to yield right of way; in failing to property merge; in failing to keep sufficient distance; in failing to follow traffic control devices; in that proper, timely, adequate and effective use of braking devices was not applied; in failing to keep a proper lookout while operating said motor vehicle; in failing to observe what was available to be observed; in causing, permitting and allowing said motor vehicle to be operated without due regards for the safety of pedestrians, other cars and/or others; causing, permitting and allowing said motor vehicle to be operated in such a negligent manner so as to precipitate the aforesaid accident; in failing to reasonably maintain said motor vehicle; failing to maintain the brake system of said motor vehicle; failing to maintain the steering mechanisms of said motor vehicle; in failing to keep sufficient distance; in failing to keep said motor vehicle under reasonable and proper control so as not to violently strike, hit and contact the Plaintiff; in failing to take evasive measures in an attempt to avoid the accident; failing to repair said motor vehicle; failing to repair the brake system of said motor vehicle; failing to repair the steering mechanism of said motor vehicle; in failing to keep said motor vehicle under reasonable and proper control; in operating said motor vehicle at a fast and excessive rate of speed and in a manner contrary to and in violation of the statutes, police rules and regulations in such cases made and provided; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating said motor vehicle in such a negligent, careless, reckless and grossly negligent manner so as to precipitate the aforesaid accident; in negligently, carelessly, recklessly and grossly negligently operating said motor vehicle in such a manner so as to fail to take cognizance of other motor vehicles in the immediate area; in failing to slow down said motor vehicle when approaching a busy intersection and/or thoroughfare; in failing to use caution when approaching a busy thoroughfare and/or intersection; in failing to take heed of any and all adverse road, traffic and/or weather conditions; in failing to carefully approach those crossing at the aforesaid intersection and more particularly the Plaintiff and in failing to avoid the accident which gives rise to this litigation; in failing to take note of the position that Plaintiff was traveling; and in defendant driving carelessly and being totally oblivious to what was there and then available to be observed; in driving so as to endanger the community at large and more

particularly the Plaintiff; in negligently driving so close to Plaintiff so as to make it more likely than not, that a harmful contact between the Defendants' vehicle and the Plaintiff occur; in making harmful contact to the Plaintiff and in failing to operate said motor vehicle as a prudent person would under the circumstances then and there existing; in failing to properly and/or adequately screen, test, evaluate Defendant ability in utilizing said motor vehicle in a safe manner, so as to determine their ability and/or fitness to drive without risking harm to others; in defendant failing to comply with the applicable vehicle and traffic laws including but not limited to VTL sections 1100 series and those other applicable laws, rules, regulations, codes, statutes and/or ordinances in such cases made and provided; in defendant failing to inspect said motor vehicle; in failing to properly and/or adequately inspect said motor vehicle; in failing to maintain said motor vehicle; in failing to properly and/or adequately maintain said motor vehicle; in failing to inspect the brakes of said motor vehicle; in failing to heed and/or remedy the results of any inspections made of the brakes of said motor vehicle; the defendant failed to operate their motor vehicle with reasonable care having regard to the actual potential hazard existing from weather, road, traffic and other conditions; defendant failed to use reasonable care to avoid the accident; failed to use care in entering the flow of traffic; further Defendant failed to properly enter the roadway, lanes, highway and/or intersection in that defendant failed to give attention to the other cars and/or vehicles and/or pedestrians and/or both, then and there existing and in that the defendant failed to look with due care in all available directions from all points which could be reasonably observed and/or to the point(s) where defendant could see a vehicle and/or pedestrian traversing and/or traveling and/or stopped on the street, highway and/or intersection road(s); and in that defendant failed to use reasonable care under all circumstances to ascertain if another vehicle was approaching; defendant failed to make a reasonable effort to avoid a collision and to comply with the provisions of the Vehicle and Traffic Law; defendant was further negligent in that he/she observed another vehicle and/or pedestrian in or near the intersection or so near to Defendant vehicle so as to render it likely that a collision or violent contact would occur unless defendant reduced their speed or stopped, but failed to do so; defendant was further negligent in proceeding without using such care to avoid the collision as a reasonably prudent person would have used under the circumstances; Defendant also failed to take into account the respective positions of the vehicles and their speed and/or the pedestrians and their traversing at which the Defendant approaching car was traveling; defendant failed to properly ascertain the likelihood of a collision and/or violent contact; in illegally fleeing the scene of the occurrence; defendant failed to use due care in discovering the existence of a traffic control device; and in defendant failing to use care in his travels and failed to follow the rules and laws mentioned above and in defendant in general failing to look out for approaching cars, vehicles and/or pedestrians; and defendant failed to wait until conditions were such that defendant could safely proceed; all of which were the direct, proximate and/or concurrent cause of the injuries sustained by the Plaintiff without any negligence on the part of the Plaintiff contributing thereto.

15.   Defendants violated the rules, regulations, statutes and ordinances of the VTL for New York State including but not limited to the violations of New York City Traffic regulations concerning the safe and proper operation of a motor vehicle upon the public ways and streets of the State of New York, including but not limited to VTL sections 375, 1100,

1101, 1110, 1128, 1129, 1140, 1141, 1142, 1146, 1151, 1160, 1163, 1172, 1180, 1190 and the New York City Traffic Rules and Regulations sections 21, 50 and 60.

16. The following injuries of Plaintiff were caused, precipitated, and/or activated by the negligence of the Defendants herein. PLEASE TAKE NOTICE, that to the extent the defendants claim that any injuries sustained by the plaintiff were caused by pre-existing conditions and/or degenerative conditions, the plaintiff alleges that any so-claimed pre-existing and/or degenerative conditions were latent, inactive, and dormant and were exacerbated, activated and/or aggravated by the acts and omission of the defendants giving rise to the incident and injuries set forth herein:

**RIGHT KNEE**

- ON JULY 23, 2024, PLAINTIFF UNDERWENT DIAGNOSTIC ARTHROSCOPY OF THE RIGHT KNEE UNDER ANESTHESIA;

- ON JULY 23, 2024, PLAINTIFF UNDERWENT SYNOVECTOMY OF 2 OR MORE MAJOR COMPARTMENT UNDER ANESTHESIA;

- ON JULY 23, 2024, PLAINTIFF UNDERWENT PLM UNDER ANESTHESIA;

- ON JULY 23, 2024, PLAINTIFF UNDERWENT A COBLATION ARTHROPLASTY OF THE PATELLA UNDER ANESTHESIA;

- ON MAY 29, 2024, PLAINTIFF WAS ADMINISTERED A TRIGGER POINT INJECTION WITH ULTRASOUND OF THE RIGHT KNEE;

- ON JULY 31, 2024, PLAINTIFF WAS ADMINISTERED A TRIGGER POINT INJECTION WITH ULTRASOUND OF THE RIGHT KNEE EXTENSORS;

- BONE CONTUSION AND TRABECULAR MICROFRACTURES INVOLVING THE LATERAL CONDYLE;

- POSTEROMEDIAL MENISCAL TEAR;

- POSTEROLATERAL MENISCAL TEAR;

- MEDIAL MENISCUS TEAR;

- LATERAL MENISCAL TEAR;

- TRAUMATIC ARTHROPATHY OF THE KNEE;

- BONE CONTUSION;

- BONE MARROW EDEMA IN THE LATERAL CONDYLE;

- JOINT EFFUSION;

- SYNOVITIS AND SOFT TISSUE EDEMA;

- CONTUSION;

- CHONDROMALACIA PATELLA;

- INTERNAL DERANGEMENT OF THE KNEE;

- SYNOVITIS;

- CHONDRAL LESION;

- TENDERNESS TO PALPATION WITH MUSCLE SPASMS;

- NECESSITY FOR FUTURE SURGICAL INTERVENTION;

- DECREASED NORMAL RANGE OF MOTION;

### CERVICAL SPINE

- C5-C6 DISC BULGE WITH IMPINGEMENT UPON THE THECAL SAC;

- RADICULOPATHY;

- STRAIGHTENING OF LORDOTIC CURVE ASSOCIATED WITH MUSCLE SPASM;

- STRAIN AND SPRAIN;

- MYALGIA;

- CERVICALGIA;

- CERVICAL FACET SYNDROME;

- DISC DISPALCEMENT;

- TENDERNESS TO PALPATION WITH MUSCLE SPASMS;

- NECESSITY FOR FUTURE SURGICAL INTERVENTION;

- DECREASED NORMAL RANGE OF MOTION;

**LUMBAR SPINE**

- ON MAY 29, 2024, PLAINTIFF WAS ADMINISTERED A TRIGGER POINT INJECTION WITH ULTRASOUND OF THE RIGHT AND LEFT LUMBAR PARASPINALS;

- ON JULY 3, 2024, PLAINTIFF WAS ADMINISTERED A TRIGGER POINT INJECTION WITH ULTRASOUND OF THE RIGHT AND LEFT LUMBAR PARASPINAL;

- L4-L5 CENTRAL DISC HERNIATION WITH IMPINGEMENT OF THE THECAL SAC;

- RADCICULOPATHY;

- STRAIGHTENING OF THE LORDOTIC CURVE;

- DISC DISPLACEMENT;

- LUMBAR FACET SYNDROME;

- STRAIN AND SPRAIN;

- MYALGIA;

- TENDERNESS TO PALPATION WITH MUSCLE SPASMS;

- NECESSITY FOR FUTURE SURGICAL INTERVENTION;

- DECREASED NORMAL RANGE OF MOTION;

**RIGHT SHOULDER**

- ON MAY 1, 2024, PLAINTIFF WAS ADMINISTERED A TRIGGER POINT INJECTION OF THE RIGHT TRAPEZIUS WITH ULTRASOUND;

- ON MAY 29, 2024, PLAINTIFF WAS ADMINISTERED A TRIGGER POINT INJECTION WITH ULTRASOUND OF THE RIGHT TRAPEZIUS;

- INTERNAL DERANGEMENT;

- CONTUSION;

- DERANGEMENT;

- TENDERNESS TO PALPATION WITH MUSCLE SPASMS;

- NECESSITY FOR FUTURE SURGICAL INTERVENTION;

- DECREASED NORMAL RANGE OF MOTION;

## LEFT SHOULDER

- ON MAY 1, 2024, PLAINTIFF WAS ADMINISTERED A TRIGGER POINT INJECTION WITH ULTRASOUND OF THE LEFT TRAPEZIUS;

- ON MAY 29, 2024, PLAINTIFF WAS ADMINISTERED A TRIGGER POINT INJECTION WITH ULTRASOUND OF THE LEFT TRAPEZIUS;

- INTERSTITIAL TEAR OF THE MYOTENDINOUS SUPRASPINATUS;

- TEAR OF THE SUPRASPINATUS TENDON OF ROTATOR CUFF;

- SHOULDER TENDINITIS;

- IMPINGEMENT;

- JOINT EFFUSION;

- STRAIN AND SPRAIN;

- BURSITIS;

- TENOSYNOVITIS;

- FLUID IN THE SUBDELTOID BURSA AND JOINT CAPSULE;

- INTERNAL DERANGEMENT;

- CONTUSION;

- TENDERNESS TO PALPATION WITH MUSCLE SPASMS;

- NECESSITY FOR FUTURE SURGICAL INTERVENTION;

- DECREASED NORMAL RANGE OF MOTION;

## THORACIC SPINE

- SPRAIN AND STRAIN;

- TENDERNESS TO PALPATION WITH MUSCLE SPASMS;

- NECESSITY FOR FUTURE SURGICAL INTERVENTION;

- DECREASED NORMAL RANGE OF MOTION;

## RIGHT HIP

- INTERNAL DERANGEMENT;

- CONTUSION;

- TENDERNESS TO PALPATION WITH MUSCLE SPASMS;

- NECESSITY FOR FUTURE SURGICAL INTERVENTION;

- DECREASED NORMAL RANGE OF MOTION;

## IN REGARD TO THE ABOVE- MENTIONED BODY PARTS

- DECREASED RANGE OF MOTION

- HEADACHES

- ACUTE PAIN AND SUFFERING

- CONTUSION;

- TENDERNESS TO PALPATION WITH MUSCLE SPASMS;

- SPRAIN AND STRAIN

- WEAKNESS

- STIFFNESS;

- FUTURE MEDICAL CARE AND ANTICIPATION

- FUTURE SURGICAL INTERVENTION

- PLAINTIFF REQUIRED MEDICAL CARE AND ATTENTION AND AN EXTENSIVE AND INTENSIVE REGIMEN OF PHYSICAL THERAPY

All of the aforementioned injuries, resulting disabilities, and involvements are associated

with further soft tissue injuries to the areas traumatically affected, including: fracture, tearing, derangement and damage to the associated muscle groups, ligaments, tendons, cartilage, blood, tissue, epithelial tissue, all concomitant to the specific injuries and related to the specific portions of the body mentioned hereinabove, with resultant scars, hemorrhage, pain, ecchymosis, deformity and disability, stiffness, tenderness, weakness and partial restriction and limitation of motion, pain on motion and loss of use of the abovementioned parts and atrophy.

Plaintiffs reserve the right to prove any and all further consequences and any and all further medical expenses up to and at the time of trial. Plaintiffs have the right to prove upon trial of this action any and all sequelae resulting from the aforementioned injuries. Plaintiffs' injuries have compromised ability to ambulate with full coordination and enhanced the likelihood of future and/or further re-injury. Plaintiffs sustained permanent and/or partial disability.

Plaintiffs suffered, still suffers, and upon information and belief will continue to suffer pain, discomfort and limited movement of the injured portions of the body, including the adjacent and surrounding muscles, tendons, nerves, joints, fascia, vessels and soft tissues.

All of the aforementioned injuries, manifestation, resulting disabilities, may, if they progress or fail to heal, require surgery and are associated with further soft tissue injuries to the areas traumatically affected, including fracture, tearing, derangement and damage to the associated muscle groups, ligaments, tendons, cartilage, blood tissue, epithelial tissue, all concomitant to the specific injuries and related to the specific portions of the body mentioned hereinabove, with resultant pain, ecchymosis, deformity and disability, stiffness, tenderness, swelling, weakness, edema atrophy, impairment of use and partial restriction and limitation of motion, pain on motion and loss of use of the aforementioned parts.

All the aforementioned injuries are claimed to be permanent.

17.     On April 26, 2024, Plaintiff was confined to Jacobi Hospital, 1400 Pelham Pkwy S Bronx, NY 10461.

18.     Plaintiff was confined to his bed for a period of time following the incident and following the operations, except for necessary doctors visit.

19.     Plaintiff was confined to his bed for a period of time following the incident and an following the operations, except for necessary doctors visit.

20.     Plaintiff is totally incapacitated from employment to this date.

21.     To be provided, if applicable.

22.     a)     Plaintiff is totally disabled to date.

b)     See item #22(a)

23.    As a result of this occurrence, Plaintiff sustained the following special damages to date, which are subject to increase:

(a)     Physician's services: Approximately $50,000.00;
(b)     Loss of earnings: To be provided, if any.
(c)     Hospital: See answer "a" above.
(d)     Nurses: See answer "a" above.
(e)     Medical supplies: See answer "a" above.
(f)     ₌ Maid services: See answer "a" above.
(g)     Other: Future orthopedic treatment: $50,000.00;
        Future physical therapy: $50,000.00;
        Future medical equipment and pharmacy costs: $50,000.00;

24.    Plaintiff treated and/or examined with the following medical providers as a result of the incident:

- Jacobi North Central Bronx, 3424 Kossuth Ave, Bronx, NY 10467;
- Colin Clarke, M.D. 164-10 Crocheron Avenue, Flushing, NY 11358;
- Star Medical Imaging PC 141 E. Merrick Road Valley Stream, NY 11580;
- East Tremont Medical Center 930 E Tremont Avenue, Bronx, NY 10460;
- Queens Medical Professional PC, 115-24A Myrtle Avenue, Richmond Hill. NY 11418;
- Andrew Hall, MD PLLC 98-16 Metropolitan Ave., Forest Hills, NY 11375;

25.    Plaintiff sustained serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York in that he suffered multiple injuries, as well as fractures, significant limitation, function and use of a body member and/or system; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; and/or medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment; Plaintiff sustained economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of Insurance Law.

26.    Not applicable.

27.    Not applicable.

28.    Plaintiff objects to this demand as it is improper for a Verified Bill of Particulars as per CPLR 3043(a).

29.    Jonathan Shalom, Esq.
       **SHALOM LAW, PLLC**

*Attorney for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375

David S. Kritzer, Esq.
**KRITZER LAW GROUP**
*Attorneys for Defendants*
180 East Main Street, Suite 204
Smithtown, New York 11787

**30.**     The Index number for this case is 808941/2024E.

PLEASE TAKE NOTICE that Plaintiffs reserve the right to serve further, supplemental and/or amended Bills of Particular up to the time of trial.

DATED:       Forest Hills, New York
             August 22, 2024

                                     Yours etc.,

                                     Jonathan Shalom, Esq.
                                     **SHALOM LAW, PLLC**
                                     *Attorney for Plaintiff*
                                     105-13 Metropolitan Avenue
                                     Forest Hills, New York 11375
                                     (718) 971-9474

TO:
David S. Kritzer, Esq.
**KRITZER LAW GROUP**
*Attorneys for Defendants*
180 East Main Street, Suite 204
Smithtown, New York 11787
(631) 979-4777

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury:

That deponent is the attorney of record for the Plaintiff(s) in the within action; that deponent has read the foregoing **VERIFIED BILL OF PARTICULARS** and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes those to be true. Deponent further states that the reason this verification is made by deponent and not by the Plaintiff(s) is that Plaintiff(s) reside(s) in a county other than that in which deponent maintains his/her offices.

The grounds for deponent's belief as to all matters not stated upon his/her knowledge are investigations which he/she has made or has caused to be made concerning the subject matter of this action, and statements of parties or witnesses herein.

Dated: Forest Hills, New York
    August 22, 2024

Yours etc.,

Jonathan Shalom, Esq.
**SHALOM LAW, PLLC**
*Attorney for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375
(718) 971-9474

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X   Index No.: 808941/2024E

MAMADOUSALIOU BAH,

                                Plaintiff,      **RESPONSE TO COMBINED**
                                                 **DEMANDS**

        -against-

JERMAINE POTTINGER, UNITED PARCEL
SERVICE, INC. and UPS,

                                 Defendants.

-----------------------------------------------------------------x

Plaintiff, in response to the combined demands by Defendants **JERMAINE POTTINGER,
UNITED PARCEL SERVICE, INC. and UPS**, so states:

## RESPONSE TO NOTICE OF DISCOVERY AND INSPECTION

1.    Annexed hereto are authorizations to obtain medical records from the following providers:

   - Jacobi North Central Bronx, 3424 Kossuth Ave, Bronx, NY 10467;
   - Colin Clarke, M.D. 164-10 Crocheron Avenue, Flushing, NY 11358;
   - Star Medical Imaging PC 141 E. Merrick Road Valley Stream, NY 11580;
   - East Tremont Medical Center 930 E Tremont Avenue, Bronx, NY 10460;
   - Queens Medical Professional PC, 115-24A Myrtle Avenue, Richmond Hill. NY 11418;
   - Andrew Hall, MD PLLC 98-16 Metropolitan Ave., Forest Hills, NY 11375;

2.    Annexed hereto as is a duly executed authorization pertaining to Plaintiff's No-Fault records from State Farm Insurance Company, P.O Box 1061071, Atlanta, GA 30348, Claim #0866P984G.

3.    To be provided, if applicable.

4.    See response to item #3.

5.    Not applicable.

6.    Not applicable.

7.    To be provided, if any.

8.    See response to item #8.

9.    See response to item #8.

10.    Plaintiff is not in possession of any statements, written, signed or unsigned by the Defendant and/or servants, agents, employees. Plaintiff reserves the right to offer and exchange such information prior and/or at the time of trial if same becomes available.

11.    Not applicable.

12.    The documentation requested is a matter of public record.

13.    The information requested is in the defendants' possession and is subject to further discovery.

14.    Plaintiff's counsel does not handle the property damage portion of this claim.

15.    Not applicable.

16.    Not applicable.

17.    Not applicable

18.    Plaintiff's counsel does not handle the property damage portion of this claim.

### **RESPONSE TO DEMAND FOR AUTHORIZATIONS**

1.    Annexed hereto are authorizations to obtain medical records from the following providers:

- Jacobi North Central Bronx, 3424 Kossuth Ave, Bronx, NY 10467;
- Colin Clarke, M.D. 164-10 Crocheron Avenue, Flushing, NY 11358;
- Star Medical Imaging PC 141 E. Merrick Road Valley Stream, NY 11580;
- East Tremont Medical Center 930 E Tremont Avenue, Bronx, NY 10460;
- Queens Medical Professional PC, 115-24A Myrtle Avenue, Richmond Hill. NY 11418;
- Andrew Hall, MD PLLC 98-16 Metropolitan Ave., Forest Hills, NY 11375;

2.    See response to item #1.

3.    See response to item #1.

4.    See response to item #1.

5.    See response to item #1.

6.    Not applicable, plaintiff claims that all injuries are a result of the subject incident.

7.      -See response to item #6.

8.      Not applicable.

## RESPONSE TO NOTICE PURSUANT TO CPLR 3101(d)

1-2.    Plaintiff has not yet retained an expert with regard to this matter. However, upon retention of an expert, Plaintiff will disclose any such information to the extent required by and in accordance with CPLR § 3101(d).

## RESPONSE TO NOTICE FOR EXAMINATION BEFORE TRIAL

Plaintiff will appear for depositions pursuant to the requirements of the CPLR and court directives.

## RESPONSE TO DEMAND FOR PRIOR INJURY INFORMATION

1-7.    Not applicable.

## RESPONSE TO DEMAND FOR STATEMENT OF DAMAGES

Plaintiff seeks $5,000,000.00 in total damages in this action.

## RESPONSE TO DEMAND FOR A PRE-SURGICAL INDEPENDENT MEDICAL EXAMINATION

Plaintiff objects to the Defendant's demand on the grounds that it is overly broad, unduly burdensome, cumulative, and Defendant is not entitled to same. However, without waiving said objection, Plaintiff conditionally agrees to this Demand, if counsel for Defendant agrees, *in signed and notarized writing*, to assume any and all liability and sequela incurred as a result of the delay to Plaintiff's medical treatment caused as a result of the Defendant's demand.

## RESPONSE TO DEMAND FOR AN INDEPENDENT MEDICAL EXAINATION

1-6.    Plaintiff will appear for independent medical examination(s) pursuant to the requirements of the CPLR and court directives.

## RESPONSE TO DEMAND FOR SOCIAL MEDIA PRESERVATION

1-7.    Plaintiff objects, as palpably improper under the facts and circumstances surrounding the above-entitled action, to any demand for authorization to permit the defendants access to and/or to obtain copies of the Plaintiff's social networking information upon the grounds that said demand is vague, overly broad, and without any factual predicate with respect to relevancy of information. *See, McCann v. Harleysville Insurance Company of New York,* 78 A.D3d 1524, 910 N.Y.S.2d 614 (4th Dept. 2010).

Moreover, social media demands are an invasion of privacy without a surrounding factual basis for such a request. *See, Tapp v. New York State Urban Dev. Corp.,* 102 AD3d 620 (1st Dept. 2013).

## RESPONSE TO DEMAND FOR ELECTRONICALLY STORED INFORMATION

(a)-(e). Plaintiff objects to demand for cell phone and electronic records as overly broad, vague, unduly burdensome, and not reasonably calculated to produce relevant or admissible discovery. Defendants have completely failed to establish any foundation warranting disclosure.

## RESPONSE TO DEMAND FOR EMPLOYMENT RECORD AUTHORIZATIONS

To be provided, if applicable.

## DEMAND FOR TAX RECORDS

1.    To be provided, if any and if applicable.

## RESPONSE TO DEMAND FOR PRIOR AND SUBSEQUENT CLAIMS

1-5.    Not applicable.

## RESPONSE TO DEMAND FOR PRIOR PLEADINGS

1-9.    Not applicable.

## DEMAND TO PRODUCE PHOTOGRAPHS, BILLS AND ACCIDENT REPORTS

1-3    To be provided, if any.

## DEMAND FOR MEDICAL INFORMATION PERTAINING TO PRE-EXISTING CONDITIONS

1-4.    Not Applicable.

## DEMAND FOR SOCIAL SECURITY PRINTOUT

1.    Plaintiff objects to this demand for his social security printout on the grounds that it is irrelevant and not reasonably calculated to produce relevant or admissible discovery.

## DEMAND FOR ECONOMIST / ACTURIAL WITNESS

1-5.    Plaintiff has not yet retained an expert with regard to this matter. However, upon retention of an expert, Plaintiff will disclose any such information to the extent required by and in accordance with CPLR § 3101(d).

## DEMAND FOR UNION RECORDS

1.  To be provided, if and when applicable.

## DEMAND FOR MEDICARE/MEDICAID INFORMATION

1-8.    Annexed hereto is a Medicaid authorization. Plaintiff is not a Medicare recipient.

## RESPONSE TO DEMAND PURSUANT TO CPLR §4545

1.    Annexed hereto as is an authorization to obtain collateral source records from State Farm
Insurance Company, P.O Box 1061071, Atlanta, GA 30348, Claim #0866P984G.

## RESPONSE TO DEMAND FOR WITNESSES

1.  Plaintiff is not in possession of any information regarding any eyewitnesses, notice witness or
witness to the facts and circumstances surrounding the occurrence. Plaintiff reserves the right
to offer and exchange such information prior and/or at the time of trial if same becomes
available.

**PLEASE TAKE NOTICE** that the plaintiff reserves the right to supplement and/or amend the
response up to the time of trial.

DATED:    Forest Hills, New York
August 22, 2024

Yours etc.,

Jonathan Shalom, Esq.
**SHALOM LAW, PLLC**
*Attorney for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375
(718) 971-9474

TO:
David S. Kritzer, Esq.
**KRITZER LAW GROUP**
*Attorneys for Defendants*
180 East Main Street, Suite 204
Smithtown, New York 11787
(631) 979-4777

## POWER OF ATTORNEY AND INDEMNIFICATON

KNOW ALL MEN BY THESE PRESENTS, that I, _Mamadousaliou. Bah_.

Residing in the State of New York, hereby, constituted and appoints JONATHAN SHALOM, ESQ. and SHALOM LAW, PLLC., our attorney in fact in our name, place and stead in any way which I myself could do if I were personally present with respect to signing and endorsing our names to any check or draft received in settlement against _Defendants_ .

Giving and granting JONATHAN SHALOM, ESQ, and SHALOM LAW, PLLC., full power and authority to do and perform every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I may or could if personally present with full power of substitution and revocation hereby ratifying and confirming all that said JONATHAN SHALOM, ESQ. and SHALOM LAW, PLLC., or their, substitute, shall lawfully do or cause to be done by virtue thereof. Client may revoke this Power of Attorney by providing SHALOM LAW, PLLC., with a written revocation of the Power of Attorney fully executed, dated and notarized.

FURTHER, I am not aware of any liens on the proceeds of my case, however if there be any liens, let it be known that I hereby hold harmless and indemnify SHALOM LAW, PLLC., its employees, agents, assistants, partners and associates, from any and all liens and/or obligations incurred by myself during the pendency of this lawsuit; that includes, any and all Medicaid/Medicare liens, physician and health care provider liens, and hospital liens and/or bills, social service and/or welfare liens, and judgments. I will pay the full costs of any defense and/or recovery (if any) for the same against wither myself for the aforementioned in the connection and/or attempted collection of any such liens or claims. Furthermore, I hereby affirmatively state and consent that if SHALOM LAW, PLLC., does pay any liens on my behalf that I hold them and their agents, assistants, and/or employees harmless and consent to the same.

IN WITNESS IN HEREOF, I hereunto set my hand and seal the _3rd_ day of _May_ 20_24_ .

STATE OF NEW YORK     )
COUNTY OF _Queens_     ) ss.:

On the _3rd_ day of _May_ in the year _2024_ before me, the undersigned, personally appeared _Mamadousaliou Bah_ . Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument that individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

KAROLINA SZYMANOWSKA
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Queens County
01SZ6366644
MY COMMISSION EXPIRES 11/06/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------------X    Index No.: 808941/2024E

MAMADOUSALIOU BAH,

                              Plaintiff,

                                                              **AFFIDAVIT OF SERVICE**

        -against-

JERMAINE POTTINGER, UNITED PARCEL
SERVICE, INC. and UPS,

                              Defendants.

-----------------------------------------------------------------------X

STATE OF NEW YORK              )
                               )ss.:
COUNTY OF QUEENS               )

ESTEE ZELDIN, being duly sworn, deposes and says:

That deponent is not a party to the action is over 18 years of age and is employed in Queens, New York.

That on the 22nd day of August, 2024, deponent served the within this **VERIFIED BILL OF PARTICULARS, RESPONSE TO DEFENDANTS' COMBINED DEMANDS, PLAINTIFF'S DEMAND FOR A VERIFIED BILL OF PARTICULARS AS TO DEFENDANTS' AFFIRMATIVE DEFENSES, NOTICE FOR DISCOVERY AND INSPECTION and CROSS NOTICE TO TAKE DEPOSITION** by depositing a copy thereof enclosed in a postpaid addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State addressed to the following person at the last known address furnished by them:

                              David S. Kritzer, Esq.
                              **KRITZER LAW GROUP**
                              *Attorneys for Defendants*
                              180 East Main Street, Suite 204
                              Smithtown, New York 11787
                              (631) 979-4777

Sworn to before me this
22nd day of August, 2024

                                                          _____
                                                          ESTEE ZELDIN

Karolina Szymanowska
Notary Public

> KAROLINA SZYMANOWSKA
> NOTARY PUBLIC STATE OF NEW YORK
> Registration No.: 01SZ6366644
> Qualified in Queens County
> Commission Expires November 6, 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------X
MAMADOUSALIOU BAH,

Index No.:
808941/2024E

Plaintiff,

-against-

JERMAINE POTTINGER, UNITED PARCEL
SERVICE, INC. and
UPS,                                          Defendants.

---

**VERIFIED BILL OF PARTICULARS, RESPONSE TO DEFENDANTS' COMBINED DEMANDS, PLAINTIFF'S DEMAND FOR A VERIFIED BILL OF PARTICULARS AS TO DEFENDANTS' AFFIRMATIVE DEFENSES, NOTICE FOR DISCOVERY AND INSPECTION and CROSS NOTICE TO TAKE DEPOSITION**

---

SHALOM LAW, PLLC
*Attorneys for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375

---

The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that he/she has read the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-1.1(c).

*[signature]*

JONATHAN SHALOM, ESQ.

---

Service of a copy of the within                              is hereby admitted.
Dated,              Attorney(s) for Plaintiff

PLEASE TAKE NOTICE:
    □ NOTICE OF ENTRY
    that the within is a (certified) true copy of an                    duly entered in the
    office of the clerk of the within named court on _____ 200__.

    □ NOTICE OF SETTLEMENT
        that an order                        of which the within is a true copy
        will be presented for settlement to the HON.          one of the    judges
        of the                      within named Court, on 200___ at_____
        O'clock ___.M.

Dated: August_____,2024                Yours, etc. **SHALOM LAW, PLLC**